# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re: | Case No. 10-13030 SBB |
| NOAH, LLC, | Chapter 11 |
| Debtor. | |

## MOTION TO COMPEL COMPLIANCE WITH 11 U.S.C. §543

The Debtor, through its undersigned special counsel, Waas Campbell Rivera LLP, respectfully requests the Court compel Hostmark Hospitality Group to comply with 11 U.S.C. §543. In support thereof, Debtor states as follows:

1. Debtor-in-Possession Noah, LLC, d/b/a Candlewood Suites, filed this Chapter 11 Petition on February 18, 2010.

2. In August 2009, JPMCC 2006-LDP7 North Academy LLC (the "Plaintiff") filed a Complaint and Verified Motion for Appointment of Receiver against the Debtor in the District Court for El Paso County, Colorado, Case No. 09CV5092 (the "Civil Action").

3. The Civil Action concerned Debtor's ownership of real property and improvements located in El Paso County (the "Property"). The Property consists of a 122 room hotel located in Colorado Springs known as Candlewood Suites.

4. The Debtor was the maker of a Promissory Note dated May 16, 2006 in the original principal amount of $3,900,000. The Plaintiff was the holder of the Note. The Note was secured by a Deed of Trust on the Property.

5. Following Debtor's default under the Note, Plaintiff moved for the appointment of a Receiver. Pursuant to the court's Order dated August 11, 2009 Hostmark Hospitality Group was appointed as Receiver. The Order Appointing Receiver is attached hereto as **Exhibit A**.

6. Since the date of the court's Order, the Receiver has operated, controlled and exercised management responsibility over the Property.

7. Section 543 provides that a custodian with knowledge of commencement of a case under Chapter 11 concerning the debtor shall:

> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents or profits of such property, that is in such

> custodian's possession, custody or control on the date such custodian acquires knowledge of the commencement of the case; and
>
> (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents or profits of such property, that, at any time, came into the possession, custody or control of such custodian.

11 U.S.C. §543.

8. Undersigned counsel for the Debtor has had numerous communications with the Receiver and counsel for the lender requesting that the property be turned over to the estate. The Receiver has failed to turn over any property of the estate notwithstanding repeated requests and demands but, instead, persists in issuing demands on the Debtor to turn over property of the estate to him.

9. The Debtor managed the Property competently and effectively for approximately ten years prior to the appointment of the Receiver. The Receiver is currently exercising its management responsibility almost exclusively through employees who worked for the Debtor prior to the Receiver's appointment. Those same individuals will continue to discharge those responsibilities if the Property is returned to the control of the Debtor.

10. Accordingly, maintaining the Receiver is not necessary to preserve the Property.

WHEREFORE, the Debtor requests the Court enter an Order compelling Hostmark Hospitality Group to comply with §543 by delivering all property subject to the Receivership back to the Debtor and require the Receiver to issue an accounting pursuant to 11 U.S.C. §543(2).

DATED this 2nd day of March, 2010.

WAAS CAMPBELL RIVERA LLP

/s/ *Darrell G. Waas*  _____
Darrell G. Waas, #10003
Patricia C. Campbell, #24495
WAAS CAMPBELL RIVERA LLP
1350 Seventeenth Street, Suite 450
Denver, Colorado 80202
Telephone:  720.351.4700
Facsimile:  720.351.4745
E-mail:   waas@wcrlegal.com
              campbell@wcrlegal.com

{00001123 \ 1}                                     3

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of March, 2010, I electronically filed the foregoing MOTION TO COMPEL COMPLIANCE WITH 11 U.S.C. §543 with the United States Bankruptcy Court for the District of Colorado via CM/ECF, which will send electronic notification to the following parties:

Capmark Financial Group
200 Witmer Road
Horsham, PA 19044-2213

Capmark Financial Group
P.O. Box 100116
Pasadena, CA 91189-0003

Hostmark Hospitality Group, Inc.
1111 N. Plaza Drive, Suite 200
Schaumburg, IL 60173-4996

John Schuette
3423 W. Pikes Peak Avenue
Colorado Springs, CO 80904-1925

Jannie Richardson
5540 N. Academy Blvd., Suite 100
Colorado Springs, CO 80918-3645

Sunshine Management
5540 N. Academy Blvd., Suite 100
Colorado Springs, CO 80918-3645

W. Craig Willis
Kent Karber
Holland & Hart, LLP
90 South Cascade Avenue, Suite 1000
Colorado Springs, CO 80903-1645

Jeffrey Weinman
Weinman & Associates
730 17th Street, Suite 240
Denver, CO 80202-3506

Noah, LLC
6450 N. Academy Boulevard
Colorado Springs, CO 80918-8303

Wood & Ramirez, PC
100 East Saint Vrain Street, Suite 100
Colorado Springs, CO 80903-4941

Intercontinental Hotel Group
3 Ravinia Drive, Suite 100
Atlanta, GA 30346-2121

Nelson & Company, PC
116 South 8th Street
Colorado Springs, CO 80905-1629

SRKO Family LP
5540 N. Academy Blvd., Suite 100
Colorado Springs, CO 80918-3645

US Trustee
999 18th Street, Suite 1551
Denver, CO 80202-2415

El Paso County Public Trustee
Thomas S. Mowle
105 East Vermijo Avenue, Suite 101
Colorado Springs, CO 80903-2005

Risa Lynn Wolf-Smith
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201

*Attorneys for LNR Partners, Inc.*

{00001123 \ 1}           4

_s/ Sherrie A. Winkel_
SHERRIE A. WINKEL
