IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                             )
                                                   )
NOAH, LLC                                          )   Case No. 10-13030 SBB
d/b/a Candlewood Suites                            )   Chapter 11
EIN: 84-1591016                                    )
                                                   )
               Debtor.                             )

**RESPONSE TO DEBTOR'S MOTION TO COMPEL COMPLIANCE WITH 11 U.S.C. § 543 AND MOTION TO EXCUSE COMPLIANCE WITH TURNOVER PURSUANT TO 11 U.S.C. § 543(d)**

JPMCC 2006-LDP7 North Academy, LLC ("**Movant**"), by and through its counsel, Holland & Hart LLP, responds to Debtor's Motion to Compel Compliance with 11 U.S.C. § 543 and, pursuant to 11 U.S.C. § 543(d)(1), moves the Court to excuse Hostmark Hospitality Group (the "**Receiver**") from complying with the turnover requirements set forth in 11 U.S.C. § 543(b). In support of its Motion, Movant states as follows:

## SUMMARY OF ARGUMENT

Movant seeks to have the Receiver excused from complying with the turnover requirements set forth in 11 U.S.C. § 543(b) because turnover would not be in the interests of NOAH, LLC's (the "**Debtor**") creditors. Prepetition, the Debtor mismanaged the property in question, violated a state court order appointing the Receiver, and potentially committed waste. Such conduct demonstrates that the interests of creditors would be better served by the Receiver's continued administration of the Debtor's property.

## FACTUAL BACKGROUND

1.  Movant, a Colorado limited liability company, is the holder of a Promissory Note dated May 17, 2006, executed by Debtor, in the original principal sum of $3,900,000.00 (the "**Note**"). The Note was executed by Jannie Richardson ("**Richardson**"), in her capacity as Manager of the Debtor.

2.  The Note is secured by a Deed of Trust, Security Agreement and Filing Statement executed by Defendant dated May 17, 2006 and recorded on May 19, 2006 at Reception No. 206073632 of the real property records in the Office of the Clerk and Recorder of El Paso County, Colorado (the "**Deed of Trust**"). The Deed of Trust encumbers real property located in El Paso County, Colorado (the "**Property**"). The Property consists of a Candlewood Suites hotel.

3.  On August 11, 2009, Movant filed an action for the appointment of a Receiver with the District Court for El Paso County, Colorado (the "**District Court**").

4. On August 11, 2009, the District Court entered its "Order Appointing Receiver" (the **"Order"**). A true and correct copy of the Order is attached hereto as Exhibit 1.

5. Pursuant to the Order, Hostmark Hospitality Group was appointed Receiver. *See* Ex. 1 at ¶ 1; *See* Affidavit of L.W. Hawkey (**"Hawkey Aff."**) at ¶ 1 attached hereto as Exhibit 2. Further, pursuant to the Order, Debtor was to immediately turn over all accounts and books of the Debtor, among other things. *See* Ex. 1 at ¶ 6; (Hawkey Aff. ¶ 3).

6. On August 14, 2009, the Receiver, through its executives, arrived at the Property and provided Debtor's principal, Richardson, with a true and correct copy of the Order. (Hawkey Aff. ¶ 4).

7. Upon taking possession of the Property, the Receiver discovered a number of deficiencies. (Id.) These deficiencies included but were not limited to: areas of flooring and carpeting in need of replacement; landscaping in need of upgrading; a parking lot in dire need of resurfacing; stacking of flammable materials in the boiler room resulting in a fire hazard and an unsafe condition on the Property; signage for the Property in a state of disrepair; and franchise fees not current. (Id.)

8. The Receiver found no documents or materials on the Property that indicated that capital improvements were in process or being planned. (Id.) Additionally, the Debtor was not maintaining appropriate insurance policies for the operation of a hotel. (Id.)

9. The Order enjoined the Debtor, its agents, employees and contractors from "withdrawing funds from any bank or other depository account relating to the Property." Ex. 1 at ¶ 8(a).

10. However, on August 14, 2009, in violation of the Order, Debtor withdrew $17,000.00 from the Debtor's bank account. *See* Debtor's Transition Bank Statement, attached hereto as Exhibit 3; (Hawkey Aff. ¶ 5). Again, on August 17, 2009, Debtor withdrew $18,000.00 from the Debtor's bank account. (Id.)

11. On October 2, 2009, InterContinental Hospitality Group (**"IHG"**), franchisor of the Candlewood Suites brand visited the Property and issued a deficiency report, evidencing that the condition of the rooms failed due to Debtor's failure to maintain the brand standards. *See* Visit Summary, Candlewood Suites, (**"Summary"**) attached hereto as Exhibit 4; (Hawkey Aff. ¶ 6).

12. The deficiencies referenced in the Summary, pertaining to the condition of guestrooms, indicate a long term failure by Debtor to timely repair and replace furniture, carpet and electronics in the guestrooms. (Id.)

13. In addition to deficiencies in brand standards found in the guestrooms, the Summary identifies deficiencies related to the exterior of the Property, the guest laundry, the lobby, meeting rooms, and public areas. (Id.)

14. Such failure constitutes waste and could, without proper management and capitalization, lead to the loss of the franchise brand. (Hawkey Aff. ¶ 6.)

15. As a result of the deficiencies, IHG may now require a Property Improvement Plan (**"PIP"**) to address and correct such deficiencies, which will cost an estimated $1 million. (Hawkey Aff. ¶ 7).

16. On October 6, 2009, Movant filed an action to foreclosure its interest under the Note and Deed of Trust with the El Paso County Public Trustee. The foreclosure sale was scheduled for March 3, 2010.

17. However, on February 18, 2010, and just as the foreclosure sale was about to take place, the Debtor filed its voluntary bankruptcy petition. On information and belief, the Debtor filed its bankruptcy case in bad faith to halt the foreclosure sale.

18. The Receiver has been efficiently and effectively operating the Property for over six months.

19. As of the date of the petition date, Movant was owed approximately $4.9 million. Movant appears to be the only significant creditor in the Debtor's case and is therefore the real constituent in this bankruptcy proceeding. **(See Docket No. 2) (showing three largest unsecured claims totaling $3,400.00).**

20. Further, based on offers made to the Movant, it appears that the value of the Property is less than $4.5 million and that the Debtor has no equity in the Property. In addition, aside from funds provided by the Movant, there appears to be no other source of financing to maintain and preserve the Property.

## ARGUMENT

### Legal Standard for Excusing Compliance with Section 543

21. 11 U.S.C. § 543(b)(1) requires a custodian to "deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."

22. However, the Court "may excuse compliance with subsection…(b)…if the interest of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property…." 11 U.S.C. § 543(d)(1).

23. In considering a request for excuse from compliance with Section 543(b), courts examine: "(1) the debtor's likelihood of reorganization; (2) the probability that funds required for reorganization will be available; and (3) whether the evidence shows mismanagement of the property by the debtor." *In re Bryant Manor, LLC*, 2010 Bankr. LEXIS 91, *28 (D. Kan. 2010) (citing *In re Poplar Springs Apartments of Atlanta, Ltd.*, 103 B.R. 146, 150 (S.D. Ohio 1989)).

### The Interests of Creditors Will be Better Served by Permitting the Receiver to Continue in Possession of the Property

24. First, while it is too early to conclude that the Debtor will not be able to reorganize; serious questions exist as to whether reorganization is reasonably possible in this case. *See In re Bryant Manor, LLC*, 2010 Bankr. LEXIS at *30-36 (excusing receiver from turnover requirements of Section 543(b) where questions had been raised about whether reorganization was possible, even though court refused to pass judgment on the possibilities of a confirmable plan).

25. Second, it is improbable that the funds required for reorganization will be available if the Debtor regains control over the property. The fact that there was deferred maintenance and upkeep, as evidenced by the Summary, prior to the appointment of the Receiver, "raises questions as to the funds available for Debtor to do necessary maintenance and repairs." *Id.* at *31. As a result, there are "serious concerns whether Debtor will be able to maintain the value of the [Property], and whether it will be able to generate sufficient funds for a reorganization." *Id.*

26. Additionally, IHG likely will require a PIP. The cost of the PIP is estimated at approximately $1 million. The Debtor is likely unable to fund the PIP. Accordingly, the Receiver is in a far better position to maintain and repair the Property. *See In re Sundance Corp.*, 83 B.R. 746 (D. Mont. 1988) (permitting state court receiver to continue in possession where such receiver ably operated debtor's property prior to bankruptcy and continued operation of the property required expenditures which the debtor would be unable to fund).

27. Where it is potentially too early to evaluate a debtor's likelihood of reorganization, courts may nevertheless excuse compliance with Section 543(b) based on an "overwhelming presence of evidence that causes [a] court to seriously question the manner in which the Property has been managed in the past by the Debtor." *In re Falconridge, LLC*, 2007 Bankr. LEXIS 3755, *23 (D. Ill. 2007).

28. The evidence clearly shows mismanagement of the Property by the Debtor and that, since its appointment, the Receiver has been a more effective Property manager. The Debtor let the Property fall into disarray by failing to maintain the Candlewood brand standards.. The Debtor also failed to maintain the appropriate insurances policies for the operation of a hotel. These failures constitute waste and could lead to the lost of the franchise brand if the Property is not properly managed and capitalized.

29. More importantly, when last in possession of the Property, Debtor willfully violated the terms of the Order by misappropriating funds. Specifically, within a matter of three days the Debtor misappropriated $35,000.00 from the Debtor's bank account.

30. The Debtor has not managed or had possession of the Property for over six months; therefore, Debtor will not be prejudiced by leaving the Receiver in place. Rather, leaving the Receiver in place will benefit the Debtor's estate and all its creditors by ensuring that the Property is effectively managed.

**CONCLUSION**

WHEREFORE, LNR respectfully requests the Court excuse the Receiver from compliance with the turnover requirements set forth in 11 U.S.C. § 543(b).

DATED:  March 3, 2010

Respectfully submitted,

*/s/ Risa Lynn Wolf-Smith*
Risa Lynn Wolf-Smith, #15835
Clarissa M. Collier, #40374
Holland & Hart $_{LLP}$
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone:  303-295-8011
Facsimile:  303-295-8261
E-mail:  rwolf@hollandhart.com
cmcollier@hollandhart.com

**ATTORNEYS FOR JPMCC 2006-LDP7 NORTH ACADEMY, LLC**

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2010 I served a copy of the foregoing document to the following by

☒ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☐ Electronic Service

Paul V. Moss
Office of the United State Trustee
999 18th Street, Suite 1551
Denver, CO 80202

Jeffrey Weinman
William A. Richey
Weinman & Associates, P.C.
730 17th Street, Suite 240
Denver, CO 80202-3506

Darrell G. Waas
1350 17th Street, Suite 450
Denver, CO 80202

Jannie Richardson
5540 N. Academy Blvd., Suite 100
Colorado Springs, CO 80918-3645

Capmark Financial Group
200 Witmer Road
Horsham, PA 19044-2213

Capmark Financial Group
P.O. Box 100116
Pasadena, CA 91189-0003

Hostmark Hospitality Group, Inc.
1111 N. Plaza Drive, Suite 200
Schaumburg, IL 60173-4996

John Schuette
3423 W. Pikes Peak Avenue
Colorado Springs, CO 80904-1925

Sunshine Management
5540 N. Academy Blvd. Suite 100
Colorado Springs, CO 80918-3645

Noah, LLC
6450 N. Academy Boulevard
Colorado Springs, CO 80918-8303

Wood & Ramirez, PC
100 East Saint Vrain Street, Suite 100
Colorado Springs, CO 80903-4941

Intercontinental Hotel Group
3 Ravinia Drive, Suite 100
Atlanta, GA 30346-2121

Nelson & Company, PC
116 South 8th Street
Colorado Springs, CO 80905-1629

SRKO Family LP
5540 N. Academy Blvd., Suite 100
Colorado Springs, CO 80918-3645

Thomas S. Mowle
El Paso County Public Trustee
105 East Vermijo Avenue, Suite 101
Colorado Springs, CO 80903-2005

*/s/ Julia C. Lingtsang*

4744944_3.DOC